IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN LINTHICUM**<br>10905 Powers Ave.<br>Hunt Valley, Maryland 21030<br><br>            Petitioner,<br><br>v.<br><br>**STATE FARM FIRE AND CASUALTY COMPANY**<br>P.O. Box 2356<br>Bloomington, Il 61702-2356<br>SERVE:    Kathleen A. Birrane<br>              Maryland Insurance Commissioner<br>              Maryland Insurance Administration<br>              200 St. Paul Place, Suite 2700<br>              Baltimore, Maryland 21202<br><br>            Respondent. | Civil Action No.: _____ |

### PETITION TO APPOINT UMPIRE FOR APPRAISAL

The Petitioner John Linthicum (the "Insured", "Linthicum", or "Petitioner"), by and through counsel, Silver & Brown, P.C., and hereby petitions this Court pursuant to the policy, and independently under 9 U.S.C. 1 et seq. of the Federal Arbitration Act ("FAA"), and alternatively for a declaratory judgment under the terms of the Policy of Insurance, to appoint an umpire; and directing State Farm Fire and Casualty Company (hereinafter "State Farm" or "Insurer") to proceed to appraise the amount of loss in accordance with the terms of the agreement, and in support thereof states as follows:

### NATURE OF THE ACTION

1. This is an action for seeking to have this Court appoint an umpire, pursuant to 9 U.S.C. 1 et seq. of the Federal Arbitration Act ("FAA") seeking to have this Court appoint an umpire under the terms of the policy of insurance.

2. Alternatively, this action seeks a declaratory judgment brought pursuant to 28 U.S.C. § 2201, which arises from an existing and actual controversy between the parties concerning their rights and obligations under an insurance policy seeking to have this Court appoint an umpire under the terms of the policy of insurance.

3. Defendant State Farm Fire and Casualty Company is an insurer that does business in Maryland. State Farm issued a policy of insurance covering John Linthicum and his property located at 10905 Powers Ave., Hunt Valley, MD 21020 with effective dates November 3, 2022 to November 3, 2023 ("the Policy"). A true and correct copy of the Policy is attached as Exhibit 1.

4. The Policy insured Petitioner's interest in the property located at 10905 Powers Ave., Hunt Valley, MD (the "Property") subject to all the terms, conditions, limitations, and exclusions stated therein.

5. The Property is located within the geographic boundaries over which this Court has jurisdiction.

6. The Petitioner seeks entry of an Order appointing an umpire and directing State Farm to move forward with this appraisal.

7. Alternatively, the Petitioner seeks a declaration of the party's rights and obligations under the terms of the Policy; specifically, the appointment of an umpire.

8. All conditions precedent to the bringing of this action have been met including, but not limited to (i) that at all relevant times, the Policy was in force for the Property; (ii)

that demand for appraisal was made by the Petitioner setting the scope of the appraisal; (iii) that the two appraisers selected by the insured and insurer have failed to agree upon the amount of the loss for more than 30 days, and (iv) the appraisers have been unable to agree upon an umpire within 15 days.

## PARTIES, JURSIDCITON, AND VENUE

9.   John Linthicum resides at 10905 Powers Ave., Hunt Valley, MD 21020 ("the Property"), in Baltimore County, Maryland and at the time of filing of this petition is a citizen of Maryland.

10. Defendant State Farm Fire and Casualty Company is an insurer that does business in Maryland and is a corporation formed under the laws of the State of Illinois, with a principal place of business in Illinois, and is therefore an Illinois citizen, and therefore has a citizenship diverse to that of the Petitioner.

11. The amount in controversy exceeds $75,000, exclusive of costs and interest.

12. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action is by and between citizens of different states, and the amount in controversy is in excess of the jurisdictional amount.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

14. Alternatively, jurisdiction and venue are proper since the contract at issue contains a forum selection clause making this Court the proper court.

## FACTUAL ALLEGATIONS

15. State Farm issued a policy of insurance covering John Linthicum and his residence at 10905 Powers Ave., Hunt Valley, MD 21020 ("the Property"), effective dates November 3, 2022 to November 3, 2023 ("the Policy").

16. The Policy contains the following arbitration/appraisal provision.

17. Appraisal is a dispute resolution clause that allows either the insurer or an insured in a first-party property insurance case to demand that the amount of loss in a matter be determined by appraisal in the event of a dispute.

18. Under the appraisal clause, the appraisal panel is made up of the following: (1) an appraiser selected by the insured, (2) an appraiser selected by the insurer; and (3) an umpire selected by the two appraisers.

19. In this matter the insured has selected an appraiser, the insurer has selected an appraiser, but the two appraisers have failed to select an umpire.

20. The Petitioner reserves the right to assert the appraisal is invalid given that the insurer's chosen appraiser is neither disinterested nor impartial.

21. An award signed by any two of the three above will set the amount of the loss of each item being appraised.

22. The clause provides that "if the [two] appraisers are unable to agree upon an umpire within 15 days" then either the Insured or Insurer "may make written application for a judge of a court in the same state and county (or city if the city is not within a county) where the residence premises is located to select a competent and disinterested umpire.

23. The Insured and Insurer have named appraisers, but the appraisers have been unable to agree on the amount of the loss and have been unable to agree as to an umpire.

24. The two appraisers have failed to select and agree upon an umpire within 15 days.

25.  The Insured hereby submits to this Court for its consideration the following:

- **The Honorable William Connelly** "Retired Chief U.S. Magistrate Judge", whose professional background and description are attached as <u>Exhibit 2</u>. Judge Connelly is both impartial and competent and has not only acted as an umpire and arbiter but he has also been appointed as the same by other Federal Courts as such.  Judge Connelly has experience and training in dispute resolution, arbitration, and resolution of construction, repair, and estimating of the type of property damage in dispute.

- **Hon. Benson Everett Legg** - whose CV is attached as <u>Exhibit 3</u>, who is a former Chief Judge of the United States District Court for the District of Maryland, is both impartial and competent and qualified to act as an umpire and arbiter in this matter.  Judge Legg has experience and training in dispute resolution, arbitration, and resolution of construction, repair, and estimating of the type of property damage in dispute.

- **Chris Havens – Minkoff Company, Inc.** – 240-876-7591 - whose CV is attached as <u>Exhibit 4</u>.  Mr. Havens works with a licensed contractor Minkoff Company, Inc. with experience and training in the construction, repair, and estimating of the type of property damage in dispute.  works in the contracting field with experience and training in the construction, repair and estimating of projects used in connection with the insurance claims process to measure and establish monetary damages from property losses. Mr. Havens is a contractor with experience and training in the construction repair and estimating of the type of property damage in dispute.

5

- **Tim Swift – JS Held – 240**-643-0365 - whose CV is attached as Exhibit 5. Mr. Swift is a Senior Vice President in J.S. Held's Building Consulting Division. J.S. Held is a global consulting firm that combines technical, scientific, financial, and strategic expertise to advise clients seeking to realize value and mitigate risk. JS Held provides a comprehensive suite of services, products, and data that enable clients to navigate complex, contentious, and often catastrophic situations. Mr. Swift in connection with his duties at JS Held is focused primarily on property damage claim consulting assignments for insurer clients. Tim serves as lead expert on many of the division's largest and most complex consulting engagements. Mr. Swift works in the contracting field with experience and training in the construction, repair and estimating of projects used in connection with the insurance claims process to measure and to establish monetary damages from property losses. Mr. Swift has experience and training in the construction repair and estimating of the type of property damage in dispute.

- **Eric Huzzy – Premium Estimates** – 240-405-4205 - whose CV is attached as Exhibit 6. Mr. Huzzy is an expert in the field of cost estimating and consulting services for large loss commercial, multi-family and residential building. Mr. Huzzy works in the contracting field with experience and training in the construction, repair and estimating of projects used in connection with the insurance claims process to measure and to establish monetary damages from property losses. Mr. Huzzy has experience and training in the construction repair and estimating of the type of property damage in dispute.

- **Jack Sincere – Insurance Restoration Consultants** – 412-297-9246 - whose CV is attached as <u>Exhibit 7</u>. Mr. Sincere is an expert in the field of cost estimating and consulting services for property damage claims. Mr. Sincere works in the contracting field with experience and training in the construction, repair and estimating of projects used in connection with the insurance claims process to measure and to establish monetary damages from property losses. Mr. Sincere has experience and training in the construction repair and estimating of the type of property damage in dispute.

26. It is respectfully submitted that each of the above is both competent and impartial and well-served to act as an umpire in this matter.

27. In a contract claim, Maryland courts follow the rule of *lex loci contractus*, applying the substantive law of the state where the contract was formed, unless there is a choice-of-law provision in the contract. <u>Erie Ins. Exch. v. Heffernan</u>, 399 Md. 598, 618, 925 A.2d 636, 648 (2007); <u>Am. Motorists Ins. Co. v. ARTRA Grp., Inc.</u>, 338 Md. 560, 573, 659 A.2d 1295, 1301 (1995); <u>see also Cunningham v. Feinberg</u>, 441 Md. 310, 326, 107 A.3d 1194, 1204 (2015). "For choice-of-law purposes, a contract is made where the last act necessary to make the contract binding occurs." <u>Konover Prop. Trust, Inc. v. WHE Assocs., Inc.</u>, 142 Md. App. 476, 490, 790 A.2d 720, 728 (2002) (citing <u>Commercial Union Ins. Co. v. Porter Hayden Co.</u>, 116 Md. App. 605, 672, 698 A.2d 1167, 1200 (1997), *cert. denied*, 348 Md. 205, 703 A.2d 147 (1997)). The Policy does not appear to contain a choice of law clause. *See* ECF 27-4. The place of delivery therefore controls since the Policy at issue was delivered to the Petitioner in Maryland and Maryland law will control.

### Appraisal is Arbitration under Maryland Law

7

28. Under Maryland law, appraisal under an insurance policy is covered as arbitration, and as a result, the Federal Arbitration Act controls. Alternatively, the Maryland Arbitration Act would control. Liberty Mut. Grp., Inc. v. Wright, Civil Action No. DKC 12-0282, 2012 U.S. Dist. LEXIS 29414, at *20 (D. Md. Mar. 5, 2012)("Because the appraisal provision, on the whole, does constitute "arbitration" under the FAA, the FAA if applicable to the petition at issue here"); Aetna Cas. & Sur. Co. v. Ins. Comm'r, 293 Md. 409, 445 A.2d 14, 20 (Md. 1982) ("In Maryland, this Court has long recognized that, notwithstanding the distinctions between an appraisal under an insurance policy appraisal clause and arbitration, an appraisal is analogous to arbitration. Consequently, this Court has applied arbitration law to appraisal clauses in insurance policies."). State Auto. Mut. Ins. Co. v. Rod & Reel, Inc., No. PWG-18-340, 2018 U.S. Dist. LEXIS 190290, at *14-15 (D. Md. Nov. 7, 2018)(applying the FAA to an appraisal dispute).

29. Arbitration is a process by which contractual parties voluntarily agree to substitute a private tribunal for the public tribunal otherwise available to them, and it is a matter of contract that the parties should be allowed to conduct in accordance with their agreement. Charles J. Frank, Inc. v. Associated Jewish Charites of Baltimore, Inc., 294 Md. 443, 448 (1982).

30. Under the Federal Arbitration Act ("FAA"), a "written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

31. The appraisal clause is a valid arbitration clause in Maryland. Similarly, the two items at issue, whether covered by the policy or not, certainly related to the amount of the loss and therefore the second condition is met.

8

32. The FAA "was created to counter prevalent judicial refusal to enforce arbitration agreements . . . and has been interpreted to embody 'a liberal federal policy favoring arbitration.'" Mortenson v. Bresnan Commc'ns, LLC, 722 F.3d 1151, 1157 (9th Cir. 2013) quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983), and citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011)).

33. The Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24-25; Pollock v. Fed. Ins. Co., No. 21-cv-09975-JCS, 2022 U.S. Dist. LEXIS 124952, at *18 (N.D. Cal. July 14, 2022)

34. Under settled Maryland law, appraisal under an insurance policy is arbitration subject to the Federal Arbitration Act. In Liberty Mut. Grp., Inc. v. Wright, Civil Action No. DKC 12-0282, 2012 U.S. Dist. LEXIS 29414, at *20 (D. Md. Mar. 5, 2012), in considering appraisal language which virtually identical to that in the case at bar, the Wright Court held that the appraisal process was subject to the Federal Arbitration Act.

> When viewed on the whole, however, the entire appraisal process does constitute "arbitration." The parties agreed to select "competent appraiser[s]" if they could not agree on the amount of loss, and their agreement provides a fixed procedure for those appraisers to follow in setting the amount of loss. . . Submission of the dispute to the appraisers will ultimately settle that issue, as the appraisers - perhaps through involvement of the umpire - will reach a binding decision through that process. *AMF, Inc.*, 621 F.Supp. at 460-61; *see also McDonnell Douglas Fin. Corp.*, 858 F.2d at 830 (finding a dispute resolution procedure to be "arbitration" because it involved submission of "certain disputes to a specified third party for *binding resolution*"). The fact that the appraisal process does not settle the parties' entire controversy or require an official adversary proceeding, complete with witnesses and cross-examination, is of no moment, *see Fit Tech, Inc.*, 374 F.3d at 7; *AMF, Inc.*, 621 F.Supp. at 460, particularly given that "as a matter of federal law, any doubts concerning

9

[arbitrability] should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). **Because the appraisal provision, on the whole, does constitute "arbitration" under the FAA, the FAA if applicable to the petition at issue here.**

Id. at 19-20 (emphasis added). The Wright Court went on to note that procedurally a petition to enforce appraisal is distinct from an "action" and was instead treated as a motion under FAA § 6. Federal courts in the Fourth Circuit have held that appraisal is a form of arbitration. See, e.g., Tiger Fibers, LLC v. Aspen Specialty Ins. Co., 571 F. Supp. 2d 712 (E.D. Va. 2008) in which the Court noted that the applicable appraisal process provided under the statute:

> provided a sensible means of resolving fire insurance claims by way of a form of arbitration, thereby allowing the parties the opportunity to settle their disputes without resorting to costly litigation. In essence, when an insurer and its insured disagree as to the actual value of a loss, either party may invoke the prescribed process set forth in § 38.2-2105 of the Virginia Code and thereby demand an appraisal of the disputed loss. . . .

Tiger Fibers, LLC, at 715-16 (E.D. Va. 2008).

35. The Federal Arbitration Act is enforceable by either Federal Courts or State Courts. In Preston v. Ferrer, 552 U.S. 346, 349, 128 S. Ct. 978, 981 (2008) Justice Ginsberg observed:

> As this Court recognized in *Southland Corp. v. Keating*, 465 U.S. 1, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984), [1] the Federal Arbitration Act (FAA or Act), 9 U.S.C. § 1 *et seq.* (2000 ed. and Supp. V), establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution. The Act, which rests on Congress' authority under the Commerce Clause, supplies not simply a procedural framework applicable in federal courts; **it also calls for the application, in state as well as federal courts, of federal substantive law regarding arbitration**. 465 U.S., at 16, 104 S. Ct. 852, 79 L. Ed. 2d 1.

36. Since it is treated as a motion and not a pleading, cross-pleadings and discovery are not permitted or allowed. See Wright:

> For this reason, responding to this initial motion [to compel appraisal] with an answer or counterclaim is procedurally improper. *See Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 930-32 (11th Cir. 1990) (affirming the district court's decision to disallow counterclaims in response to a motion to confirm an arbitration award because the FAA had set forth its own procedural rules and "to blindly follow the Federal Rules of Civil Procedure [instead] . . . would frustrate the purpose, or destroy the summary nature, of a special, statutorily created cause of action"); *Alstom Power, Inc. v. S&B Eng'rs & Constructors, Ltd.*, No. 3:04-CV-2370-L, 2007 U.S. Dist. LEXIS 31903, 2007 WL 1284968, at *3 (N.D.Tex. Apr. 30, 2007) (" Answers . . . are matters that relate to civil *actions*, not motions pertaining to arbitration proceedings." (emphasis in original)); *cf. generally EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304 (7th Cir. 1981) (affirming the district court's denial of a defendant's request to file an answer and counterclaim where the plaintiff had filed an "application" to enforce an administrative subpoena, as required by statute, rather than a complaint).

37. Other Maryland cases have confirmed that appraisal under a property insurance policy is arbitration and is therefore subject to the FAA. Aetna Cas. & Sur. Co. v. Ins. Comm'r, 293 Md. 409, 445 A.2d 14, 20 (Md. 1982) ("In Maryland, this Court has long recognized that, notwithstanding the distinctions between an appraisal under an insurance policy appraisal clause and arbitration, appraisal is analogous to arbitration. Consequently, this Court has applied arbitration law to appraisal clauses in insurance policies."). State Auto. Mut. Ins. Co. v. Rod & Reel, Inc., No. PWG-18-340, 2018 U.S. Dist. LEXIS 190290, at *14-15 (D. Md. Nov. 7, 2018)(applying the FAA to an appraisal dispute).

38. Even if this is not appraisal, the Petitioner is entitled to a judgment declaratory of the selection of an umpire and directing the parties to appraise.

## The Instant Petition is a filed Pursuant to §§ 4 and 5 of the FAA and is to be treated as a Motion

39. Here, this motion to have this Court select an umpire to enforce appraisal should be acted upon by the Court under the FAA to name an umpire and to compel State Farm to appraise the loss, and if necessary to select an umpire.

40. Section 4 of the FAA provides in part that:

*A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 [28 USCS §§ 1 et seq.], in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default ... The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.*

41. Section 5 of the FAA provides in part that:

*If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.*

42. In addition, under § 6 of the FAA, "Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."

43. As noted above there is no answer, and no counter motions or discovery available. Procedurally this petition is simply a motion seeking to enforce appraisal/arbitration.

44. It is requested that this Court, pursuant to the Federal Arbitration Act, appoint an umpire from the list of potential umpires provided and compel State Farm to continue with the appraisal process. Alternatively it is requested that this Court, enter a declaratory judgment, and pursuant to the policy appoint an umpire from the list of potential umpires provided and compel State Farm to continue with the appraisal process.

WHEREFORE is further respectfully requested that this Court enter an order selecting an impartial and disinterested umpire to act with regard to this matter, and to award the Petitioner his costs herein expended, plus such other and further relief as to which this Court deems just.

JOHN LINTHICUM
By Counsel

_____
C. Thomas Brown, Esquire (#17339)
Erik B. Lawson, Esquire   (#21917)
SILVER & BROWN, P.C.
10621 Jones Street
Suite 101
Fairfax, Virginia 22030
tom@virgnia-lawyers.net
erik@virginia-lawyers.net
(703) 591-6666
(703) 591-5618 – Facsimile
*Attorneys for Petitioner*